■ In the Matter of MILLES PROPERTY CORP., Respondent, v DANIEL W. JOY, as Department of Rent and Housing Maintenance Commissioner, Appellant.—Judgment, Supreme Court, New York County, entered on July 13, 1976, modifying respondent's determination by changing the effective date of the maximum base rent orders, unanimously reversed, on the law, and vacated, without costs and without disbursements, and respondent's determination fixing the effective date of such orders as February 1, 1973 reinstated. Petitioner was required to remove all violations by virtue of the escrow agreement executed by it. The inspection of petitioner's premises, after the completion of its latest attempt to cure the violations, and following its earlier erroneous representations that it had done so, was reasonably prompt. The respondent based the effective date of the maximum base rent orders on the removal of violations of record rather than on the date of possible actual physical curing thereof. On this record there is nothing at all irrational about respondent's utilization of such record date *(Lutzker v Leventhal,* 44 AD2d 655) and, accordingly, Special Term was without power to interfere with the administrative determination. Concur—Kupferman, J. P., Birns, Capozzoli, Nunez and Yesawich, JJ.